(No. 4315- )

DOROTHY A. FARRELL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 13, 1950.*

DOROTHY A. FARRELL, Claimant, pro se.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

LANSDEN, J.

On March 3, 1950, claimant, Dorothy A. Farrell, while employed by and in the performance of her duties for the Illinois Public Aid Commission, slipped on an ice covered sidewalk in Monmouth, Illinois, and fell fracturing her right arm.

Respondent did not furnish claimant with the necessary medical and hospital services, but permitted her to secure such services with its full approval.

It is apparent from the departmental report on file herein that such medical and hospital services were reasonably required to relieve or cure claimant from the effects of her accidental injury. Sec. 8 (a) Workmen's Compensation Act. In fact, the results achieved from the skillful treatment by claimant's doctors have obviated any claim for disability.

All claimant seeks is an award under Section 8 (a) of the Workmen's Compensation Act in the sum of $117.00 for medical expenses, which she incurred as a result of her fall, and to an award in such amount claimant is entitled.

An award is, therefore, entered in favor of claimant, Dorothy A. Farrell, for $117.00, payable forthwith as follows:

$15.00 to claimant for the use of Dr. John O. Firth, Monmouth, Illinois, for professional services.

$27.00 to claimant for the use of Monmouth Hospital, Monmouth, Illinois, for X-Rays and hospital care.

$75.00 to claimant for the use of Dr. Russell M. Jensen, Monmouth, Illinois, for professional services.

According to the departmental report on file herein, the Illinois Public Aid Commission has funds available for the payment of compensation awards. Therefore, it is directed that the payment of the above award be made by the State Treasurer, as Trustee Ex-Officio, from the funds heretofore deposited by the Illinois Public Aid Commission, or its predecessor, the Illinois Emergency Relief Commission, with the State Treasurer pursuant to Ill. Rev. Stat. 1949, Chap. 127, Sec. 181a. Payment of the award from this fund is requested by the Illinois Public Aid Commission in the departmental report, and such request constitutes the necessary statutory direction. *Hoppock* v. *State*, 16 C.C.R. 206.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."